FANNIE TRAUGOTT, RESPONDENT, v. JOSEPH SCHMED-LEN AND WILLIAM STERRANNA, APPELLANTS.

Decided November 19, 1926.

Negligence—Injury to Pedestrian, a Woman Seventy-three Years Old, by an Automobile at a Street Crossing—Verdict of $3,000 Held Not Excessive, That the Decision was Not Against Weight of Evidence, That There was Evidence to go to the Jury to Justify the Decision That There was Negligence and No Contributory. Negligence.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Frank G. Turner*.

*Contra, Tiffany, Brugler & Wittreich (J. Raymond Tiffany, of counsel).*

PER CURIAM.

The plaintiff obtained a verdict against the defendants, Joseph Schmedlen and William Sterranna, in the Hudson Circuit, for the sum of $3,000. The matter comes before us on the defendants' rule to show cause why a new trial should not be granted.

The four reasons relied on and argued in the brief of defendants' counsel for setting the verdict aside are—(1) The verdict is grossly excessive; (2) the verdict is against the

weight of the evidence; (3) the plaintiff was guilty of contributory negligence; (4) there was no negligence on part of the defendant. The second, third and fourth reasons will be first taken up for consideration. The plaintiff, aged seventy-three years, at about eight-forty on the night of April 25th, 1925, while in the act of crossing from the westerly side of Central avenue to the southeast corner of Central avenue and Hutton street, in Jersey City, and was within about twenty feet of her destination, when she was hit by the defendant (Sterranna's) car and severely injured. There was testimony to the effect that she looked "up and down the street" before she started to cross and saw no car coming. No signal of the approach of the car was given. The defense was that the plaintiff ran into the mud guard of the car. A pure factual question was presented. There was proof from which the jury was warranted in finding that the injury to the plaintiff resulted solely from the negligent operation of the car by the defendant's driver. We cannot say that such a finding was against the clear weight of the evidence. It is said that the verdict is grossly excessive. We do not think it is. The plaintiff sustained a fracture of the left femur at the knee; a fracture of the left condial of the middle third of the left arm. She was six and a half weeks in the hospital. She was in bed six weeks. When she came out of the hospital she was examined by Dr. White, who testified that she had "general stiffness and atrophy of the muscles." At the time of the trial, six months after the happening of the accident, the plaintiff testified that she could not raise her arm so that she could put it back of her head; that the injury to her foot disabled her from walking straight; that before the accident she did housework for others and was very active; that she cooked for different people, for which she received compensation, and that since her injury she is unable to do work on account of the injured arm. Her injuries were very painful. We cannot say therefore that the verdict is so excessive that it evinces prejudice, mistake or passion on part of the jury.

The rule to show cause is discharged, with costs.